IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal Action No. 09-0017 |
| DEREK M. SECRIST, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                         July _11_, 2011

Defendant, Derek Secrist, moves to suppress statements he made to agents for the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") on January 16, 2009. Defendant has standing to present this motion. The principal issues presented by the motion are whether the ATF agents informed defendant of his rights pursuant to Miranda, and whether defendant made his statements voluntarily. Defendant argues that when he spoke with ATF agents it was a custodial interrogation and he was not informed of his Miranda rights. Defendant argues further that even if the government proves that he was informed of his Miranda rights, his statements were not voluntary. The government opposes the motion contending that defendant was informed of his Miranda rights, voluntarily waived his rights, and voluntarily confessed to the crime of which he is accused.

The court has considered the evidence introduced at the hearing and it is prepared to rule. For the reasons that follow, defendant's motion to suppress is denied.

I. <u>FINDINGS OF FACT</u>

On November 18, 2005, a fire destroyed a Pennsylvania National Guard facility located in Pittsburgh, Pennsylvania. After an investigation by ATF agents, it was determined that the fire at the National Guard facility was caused by an act of arson. At the time of the fire, defendant was a Sergeant assigned to work at the National Guard facility.

Defendant made statements to ATF Pittsburgh II Special Agents on multiple occasions during their investigation: once on November 19, 2005; twice on November 21, 2005; once on December 9, 2008; and, a final time after his arrest on January 16, 2009. The court credits fully the testimony of ATF Pittsburgh II Special Agent Benjamin Cornali, who appeared at the hearing in this matter. Defendant did not testify at the hearing in this matter.

Defendant was indicted by a grand jury on January 15, 2009. The indictment was placed under seal and an arrest warrant was issued. Agent Cornali called defendant and asked him to come to the ATF Pittsburgh II field office the next day. Agent Cornali did not mention the indictment or arrest warrant

at this time. At approximately 10:30 a.m. on January 16, 2009, defendant arrived at the ATF Pittsburgh II field office.

Defendant was taken to an interview room and agent Cornali, in the presence of ATF Pittsburgh II Special Agent William Grom, informed defendant of the indictment and explained the charges against him. Defendant was placed under arrest. According to agent Cornali, he orally advised defendant of his customary Miranda rights, and then defendant signed a standard ATF form waiving his rights to remain silent and to an attorney. Agent Cornali further testified that defendant stated that he understood his rights and that defendant wished to speak to him.

At approximately 10:40 a.m. on January 16, 2009, after his arrest, agent Cornali commenced the interview with defendant in the presence of agent Grom. Defendant made statements during the interview to the agents that the government intends to introduce at trial. Specifically, defendant admitted that he started the fire after agent Cornali provided a detailed written timeline to defendant of the events leading up to the fire. In addition, defendant drew on a diagram provided to him by the agents where he lit the fire. Defendant then drafted and signed a sworn affidavit detailing how he started the fire.

Agent Cornali stated that defendant's behavior at the January 16, 2009 interview matched his behavior at the prior interviews. He described defendant's behavior as very cordial

and helpful. Agent Cornali further stated that defendant never mentioned to the agents that he wished to exercise his right to remain silent or his right to obtain an attorney. Also, the agents did not threaten or coerce defendant, nor did they make any promises of leniency in exchange for cooperation, at any point during the interview. Additionally, the agents offered defendant food and water, and permitted him to use the bathroom during the interview.

II. <u>REASONS FOR THE DECISION</u>

The government bears the burden of establishing by a preponderance of the evidence that defendant has voluntarily, knowingly, and intelligently waived his constitutional rights. <u>Miranda v. Arizona</u>, 384 U.S. 436, 473-75 (1966). Once it is determined: (1) that a suspect's decision not to exercise his rights was uncoerced; (2) that he at all times knew that he could stand mute and request a lawyer; and, (3) that he was aware of the state's intention to use his statements to secure a conviction, the analysis is complete and the waiver is valid as a matter of law.

In this regard, the court must review the totality of the circumstances surrounding the defendant's statements. The totality of facts surrounding defendant's arrest and advice of rights demonstrates that he was fully advised of those rights,

and that he voluntarily agreed to be interviewed without an attorney present. He was specifically advised of his right to silence, his right to have an attorney, his right to stop the questioning at any time, and that anything he said could be used against him in court. The defendant indicated that he understood these rights. There is no evidence that the agents threatened or physically abused him. He was alert, able to understand and communicate with them, and was not suffering from any apparent physical or mental condition that might render his statements something other than voluntary and intelligent. Given these factors, defendant's confession was validly obtained; therefore, defendant's motion is denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

DEREK M. SECRIST,

    Defendant.

Criminal Action No. 09-0017

ORDER

AND NOW, this 11 day of July 2011, upon consideration of defendant's motion to suppress statements [Doc. No. 67], IT IS HEREBY ORDERED that the motion is DENIED.

BY THE COURT:

_____, C.J.

cc: All Counsel of Record